**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**

NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL: (410) 962-3962
FAX: (410) 962-3976
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

ELIZABETH G. OYER
SENIOR LITIGATION COUNSEL

February 10, 2022

The Hon. James K. Bredar, Chief Judge
United States District Court.
District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

    Re:    <u>United States v. Scott Ryan Merryman</u>
             Crim. Case No. 22-0310-ADC

Dear Chief Judge Bredar:

I am writing to update the Court and government counsel on our efforts to find a suitable alternative to pretrial incarceration for Mr. Merryman.  The defense team has consulted with multiple experts and explored a variety of possible avenues for connecting Mr. Merryman with intensive inpatient mental health treatment.  We still have not identified a solution that satisfies the Court's preference for a *secure* residential facility.  We are continuing to identify and investigate possible options.  In the meantime, I would like to update the Court and the government on the following matters.

<u>Dr. O'Connell's Evaluation</u>

In accordance with the Court's order, Dr. Michael O'Connell, a licensed forensic psychologist, completed a forensic mental health evaluation of Mr. Merryman at the Greenbelt courthouse on February 8, 2022.  Dr. O'Connell has prepared a letter report summarizing his impressions, which we will separately file as Exhibit A (under seal).  In brief, Dr. O'Connell concluded that Mr. Merryman meets the criteria for the following diagnoses:

- Unspecified Bipolar and Related Disorder with Mood Congruent Psychotic Features
- Post-Traumatic Stress Disorder
- Alcohol Use Disorder in Early Remission, In a Controlled Environment
- Attention Deficit Hyperactivity Disorder, Combined Presentation

The Hon. James K. Bredar
<u>United States v. Scott Ryan Merryman</u>, Crim. No. 22-0310-ADC
February 10, 2022
Page 2

In addition, Dr. O'Connell evaluated Mr. Merryman for competency to stand trial. Dr. O'Connell opined that Mr. Merryman was competent to stand trial at the time of the evaluation. However, in light of the fluidity of his mental health, Mr. Merryman's competency status could change.

Dr. O'Connell noted that records from PG County Detention Center do not reflect that Mr. Merryman has received a psychiatric evaluation there or that he is receiving medications for bipolar disorder or psychosis. Dr. O'Connell recommends that the Court consider placing Mr. Merryman in an in-patient psychiatric hospital for treatment.

<u>VA Treatment Options</u>

After pursuing many different avenues with the Veterans Administration (VA), we have not been able to identify a treatment facility that meets the criteria of a *locked*, long-term, residential mental health program. As stated in our initial motion, we were originally advised by the VA that locked, long-term, residential mental health treatment is provided locally through the VA's facility in Perry Point, Maryland. We subsequently received conflicting information from the VA about whether the Perry Point facility is in fact locked.

Undersigned counsel spoke on February 8, 2022 with Suzanne Greer, a social worker who the VA identifies on its public website as the "Mental Health Point of Contact" for the Maryland VA, in an attempt to resolve this discrepancy.

Ms. Greer advised that the VA no longer maintains a locked residential mental health unit at its Perry Point facility. Ms. Greer further advised that the VA no longer offers a long-term mental health care in a locked setting at any of its facilities nationwide. According to Ms. Greer, if Mr. Merryman were admitted to a VA hospital for acute psychiatric care, he could be held in a locked mental health unit for a maximum of three days. If he were admitted to the long-term residential program at Perry Point, he could remain there for up to 90 days; however, that is *not* a secure facility. While staff would supervise and monitor Mr. Merryman's compliance with treatment and medication, they could not physically prevent him from leaving the facility.

<u>St. Elizabeths Hospital</u>

The Maryland VA (Ms. Greer) suggested that St. Elizabeths Hospital in Washington, D.C. would be a more suitable care setting for Mr. Merryman. St. Elizabeths is a public psychiatric hospital operated by the District of Columbia Department of Behavioral Health. According to its website:

> Saint Elizabeths Hospital is the District's public psychiatric facility for individuals with serious and persistent mental illness who need intensive inpatient care to support their recovery. Saint Elizabeths also provides mental health evaluations and care to patients committed by the courts. The Hospital develops a personalized

2

The Hon. James K. Bredar
United States v. Scott Ryan Merryman, Crim. No. 22-0310-ADC
February 10, 2022
Page 3

> treatment plan to help each patient achieve the highest quality mental health outcomes.

https://dbh.dc.gov/page/saint-elizabeths-hospital.

The issues, of course, with St. Elizabeths are (1) how to get Mr. Merryman a bed, and (2) who would pay for Mr. Merryman's care. The posted all-inclusive per diem charge is $1236. *See id.* The Maryland VA (Ms. Greer) advised that they do not have a point of contact at the VA to assist with getting Mr. Merryman into treatment there.

Undersigned counsel subsequently spoke with the Deputy General Counsel of the D.C. Department of Behavioral Health, Tracey Richardson, on February 9, 2022. Ms. Richardson advised that St. Elizabeth has "no arrangement with the feds" and was not able to identify any clear path for getting a federal court detainee admitted to St. Elizabeths. Ms. Richardson advised that the pandemic has put additional strains on St. Elizabeths' capacity. She did not rule out the possibility that a federal detainee could be treated there but was pessimistic about the likelihood of this happening anytime soon.

BOP Medical Centers

As stated in Court, it is our view that the Bureau of Prisons is not a suitable environment for Mr. Merryman's mental health treatment, because even its Federal Medical Centers (FMCs) are prisons first and foremost, not hospitals. In addition, Mr. Merryman's risk of suicide is higher in a correctional environment than in a hospital.[1]

Nevertheless, in light of the lack of other clear options, we have considered the possibility of securing a mental health bed for Mr. Merryman in an FMC. It is the defense's position that a competency evaluation is not needed at this time.[2] However, if the Court were to order a competency evaluation, Mr. Merryman could be sent to an FMC for that purpose under 18 U.S.C. § 4241(b). Under § 4247(b), the BOP would have 30 days (with a possible extension not to exceed 15 days) to complete the examination.

The BOP currently has a lengthy waiting period for these FMC beds. This has been the subject of litigation in this District recently. A status report filed by the government on January 26, 2022 in

---

[1] *See, e.g.*, U.S. DOJ, Nat'l Inst. of Corrections Suicide in Corrections, at https://nicic.gov/projects/suicide-in-corrections (last viewed February 10, 2022) ("The rates of inmate suicide are far higher than the national averages….").

[2] As noted in Dr. O'Connell's letter, he considered the question of competency and concluded that Mr. Merryman was competent to stand trial as of the evaluation date; however, his mental health is fluid and competency could change. *See* Exhibit A.

The Hon. James K. Bredar
<u>United States v. Scott Ryan Merryman</u>, Crim. No. 22-0310-ADC
February 10, 2022
Page 4

the case of *U.S. v. Cardell Haynesworth*, states that the wait time for admission to an FMC for purposes of a forensic evaluation is approximately three to five months. *See* ECF 36, Case No. 20-cr-340-PX (D. Md.) (Jan. 26, 2022). According to the BOP, "[t]here are significant wait times for beds into the BOP medical facilities due to limited staffing, resources and bed availability." *Id.* at Ex. 1. A document prepared by the BOP outlines the procedures for allocating those bed spaces across the 94 USMS districts. *See id.* In the *Haynesworth* case, Judge Xinis ordered the defendant committed to an FMC on June 21, 2021; he was eventually delivered to FMC Butner on November 30, 2021—more than five months later. *See id.* at 1-2.

The FMC wait times have resulted in litigation over Speedy Trial Act violations in the *Haynesworth* case and others. The U.S. District Court in the District of Columbia recently dismissed a case involving charges of armed carjacking on speedy trial grounds, when the BOP was unable to complete a competency restoration evaluation within the statutorily authorized four-month time period. *See* Memorandum Opinion (ECF No. 81), *U.S. v. Antwan Carter*, Case No. 19-cr-261 (D.D.C) (Jan. 27, 2022). In that case, the defendant had not even been transported to an FMC when the four-month period for completing the study lapsed. *See id.* at 10-11. As a result, the court granted a motion to dismiss filed by the defense. *See id.* at 19.

In light of these delays, it does not appear that treatment in an FMC is likely to be an option for Mr. Merryman in the near future.

<u>Ongoing Discussions with the VA</u>

Undersigned counsel has reached out to the General Counsel of the VA to request assistance in devising a solution that addresses Mr. Merryman's needs as well as the Court's concerns. We hope to have further information from the VA to share with the Court and the government in advance of next Tuesday's hearing.

                            Respectfully,

                            /s/

                            Elizabeth G. Oyer