**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**

NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL: (410) 962-3962
FAX: (410) 962-3976
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

ELIZABETH G. OYER
SENIOR LITIGATION COUNSEL

March 14, 2022

The Hon. James K. Bredar, Chief Judge
United States District Court
District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    United States v. Scott Ryan Merryman
                  Crim. Case No. JKB-22-0050

Dear Chief Judge Bredar:

      I am writing to respectfully request that the Court reopen the detention hearing in this case to consider a new proposed release plan.  Through a referral from the Wounded Warrior Project (WWP), we have identified a private psychiatric hospital, with a locked inpatient treatment unit specifically for veterans, that would satisfy the safety and security criteria set forth in the Court's Order Setting Release Conditions.  WWP has a relationship with the program and recommended it for its experience and success in treating veterans with difficult co-occurring mental health and substance abuse issues.

      The proposed program is the C.O.R.E. program at North Tampa Behavioral Health in Florida. (C.O.R.E. stands for "challenge, overcome, restore, and empower.")  The program's focus is on treating service members and veterans with mental health and substance abuse disorders arising from their military service.  As explained in its program materials:

> We created the C.O.R.E. program for one specific and extremely important reason: to meet the needs of military members and veterans whose lives have been impacted by substance use, addiction, trauma, and certain co-occurring mental health concerns. Within this program, services for military members aren't limited to occasional groups or supplemental treatment tracks. Our sole focus is to ensure that current and former members of the U.S. armed forces receive superior treatment in an atmosphere of dignity and respect.

*See* https://www.northtampabehavioralhealth.com/programs/military-core.  WWP has advised us that it uses the C.O.R.E. program for some of its most complex and challenging cases.

The Hon. James K. Bredar, Chief Judge
<u>United States v. Scott Ryan Merryman</u>, Crim. No. 22-050-JKB
March 14, 2022
Page 2

Mr. Merryman satisfies all of the admissions criteria for the C.O.R.E. program, which are as follows:

- Active-duty members of the U.S. military, veterans, and retired military personnel
- Struggling with substance use, addiction, posttraumatic stress disorder (PTSD), other effects of untreated trauma, and certain co-occurring mental health challenges
- Require an intensive level of staff supervision and assistance
- Experiencing symptoms and/or exhibiting behaviors that have not responded to increased structure or a less restrictive treatment environment
- Able to engage in treatment and work toward accomplishing goals

*See id.*

Undersigned counsel has been in contact with Cheryl Reed, the Senior Director of Military Affairs for Acadia Healthcare, which runs the C.O.R.E. program. Ms. Reed and her team have reviewed Mr. Merryman's mental health history, his current legal situation, and the Court's Order Setting Release Conditions (ECF 47). They have determined that the C.O.R.E. program would provide an ideal treatment setting for Mr. Merryman while also satisfying the Court's criteria concerning safety and security. A letter from Ms. Reed, describing the C.O.R.E program and confirming Mr. Merryman's eligibility, is attached as Exhibit A.

With respect to safety and security, Ms. Reed explains that C.O.R.E. is a locked facility from which Mr. Merryman could not freely leave. Moreover, the program would agree to provide progress updates to the Court and to comply with the terms of a Court Order:

> CORE is a secured psychiatric hospital level specialty program only for service members and veterans. Patients are not allowed to come and go off the unit without staff. The smoking area is completely fenced is directly off the unit and is surrounded by secured fencing. Visitors (other than legal and military) are not currently allowed due to COVID precautions. Once deemed safe, CORE participants can participate in therapeutic community exposure/reintegration outings. This therapeutic privilege can be restricted by command or court order. Length of stays have varied from 30-120 days, depending on situations; however, majority of veterans successfully complete the program in 30-60 days.
>
> Weekly progress reports can be provided to the courts if requested. This will include therapies participated in, medication adjustments, progress per assessments, etc. Per court order, staff would contact authorities if patient attempted to discharge without court agreement and/or direction.

The Hon. James K. Bredar, Chief Judge
<u>United States v. Scott Ryan Merryman</u>, Crim. No. 22-050-JKB
March 14, 2022
Page 3

> Discharges from this unit do not take place on Friday, Saturday, Sunday, or holidays to help ensure patients can immediately access outpatient care or service relative required check ins.

*See* Exhibit A.

As noted in Ms. Reed's letter, Mr. Merryman has been approved for the C.O.R.E. program and could be admitted as soon as March 16, 2022. The cost of the program could be covered by the VA's insurance program (in which Mr. Merryman is enrolled) or privately funded. *See id.* Ms. Reed is willing to make herself available to respond directly to any inquiries that the Court may have about the proposed placement.

As the Court is well aware, Mr. Merryman is an acutely ill, actively suicidal veteran who honorably served his country. His service took a great toll on him physically and mentally. He deserves the opportunity to receive high-quality treatment in a therapeutic environment. Moreover, he desperately needs this treatment. We urge the Court to release Mr. Merryman to receive treatment through the C.O.R.E. program.

Respectfully,

/s/

Elizabeth G. Oyer
Counsel for Scott Merryman