IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JKB-22-0050 |
| SCOTT RYAN MERRYMAN | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's request to reopen the detention hearing and to consider a new proposed release plan (ECF No. 58). The Defendant's submission includes a detailed letter from *Acadia Healthcare* describing a secure residential opportunity apparently available to the Defendant. (ECF No. 58-1). The Government has responded (ECF No. 63). The request is DENIED.

The Court has previously directed that the Defendant be released from pretrial detention, but with the specific condition that he be housed in a "locked psychiatric unit." (ECF No. 47.) The parties and the Court's Probation Department have struggled to find a residential arrangement that will satisfy the Court's condition. Upon reflection and reconsideration, the Court remains convinced that the condition of a "locked psychiatric unit" is essential to ensure that the Defendant appears for future Court proceedings and that he does not endanger others. And, after careful review of the Defendant's most recent submissions, the Court is not persuaded that the proposed facility in Florida meets the standard of a "locked psychiatric unit." As the Court has indicated in prior hearings, it finds that a "locked psychiatric unit" is a facility where, from a security standpoint, the Defendant's freedom and mobility would be constrained to the same extent as would be true in a jail or prison. Such are the security arrangements at forensic psychiatric

facilities with which the Court is otherwise familiar, including the Federal Medical Centers at Butner, North Carolina, and Springfield, Missouri. That is the standard that must be achieved here before the Defendant can be released. Flight risk and danger factors that are present in this case so mandate.

The Court's chief concern has been that the Defendant receive care and treatment appropriate for his mental health condition. The Court is not persuaded that appropriate care or treatment can or is being provided in the local detention facilities where the Defendant is currently housed. The Defendant belongs in a hospital, albeit one that is truly secure (e.g., Butner, Springfield, etc.).

Informed by the Government's submission (ECF No. 63), the Court concludes that the facility proposed by the Defendant (*see* ECF Nos. 58, 58-1) does not meet that standard. Accordingly, the Defendant's request (ECF No. 58) is DENIED.

The Court remains frustrated. The United States Department of Justice, either through the Bureau of Prisons or the Marshals Service, should provide a facility for the housing/detention of pretrial defendants (1) who are in acute psychiatric crisis; (2) for whom psychiatric hospitalization is medically appropriate; and (3) who must nonetheless be held in a secure environment because they pose a danger or a flight risk or both. The holding of Mr. Merryman in a local detention facility with periodic psychiatric visits is no more appropriate than would be the incarceration of a convicted but acutely psychotic prisoner in a regular correctional facility. The latter would be moved to a psychiatric hospital, such as Butner or Springfield. Why is the Department of Justice not in a position to provide a similar level of care and security with respect to an acutely ill pretrial defendant?

Dated this __24__ day of March, 2022.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

3