IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JKB-22-0050 |
| SCOTT RYAN MERRYMAN | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM AND ORDER

The Government has proposed to transfer the Defendant to Columbia Regional Care Center while he remains in their custody pursuant to earlier court orders requiring his detention unless he can satisfy the condition for release (i.e., housing in a locked psychiatric unit). The Defendant has responded (ECF No. 68).

At the outset, the Court notes that the Marshal does not need the Court's permission to hold the Defendant in any specific jail or correctional facility pending trial. The Marshal routinely moves pretrial detainees between facilities without authorization or intervention from the Court. Mr. Merryman's case is no different in terms of the flexibility afforded the Marshal.

On the other hand, Mr. Merryman's case certainly presents unique and challenging circumstances. The Court has previously found that he is both a flight risk and a danger, and that he must be detained or, if released, only to a fully secure, locked psychiatric unit. Accordingly, the Court is grateful for the willingness of the Marshal to consult frequently with the Court and defense counsel as he seeks to place the Defendant in an appropriate facility. Nonetheless, the Court has placed the Defendant in the Marshal's custody and, so far, the Defendant has been unable to satisfy the condition for release. The Marshal retains the discretion to hold the Defendant in the secure setting he deems most appropriate and/or expedient. (Of course, the Defendant should

receive necessary and appropriate healthcare wherever confined.)  In the short term, the bottom line is this:  if the Marshal determines that it is appropriate to hold the Defendant at the Columbia Regional Care Center, he is free to do so, just as he would be free to move the Defendant to MCC Philadelphia and/or any one of many other facilities where he holds pretrial Defendants committed to his custody by order of this Court.

Beyond expressing concern about the suitability of the Columbia Regional Care Center as a facility to house the Defendant, defense counsel also urges the Court to reconsider the current condition of release, and to order less stringent restrictions.  The Court has fully considered the information presented to date, and is confident in its conclusion that the Defendant must be detained or, at least, released only to a locked psychiatric facility, if the issues of flight risk and danger are to be appropriately addressed.  The circumstances of the alleged offense are highly probative in this regard.  Nonetheless, upon the Defendant's request for a further review of the release conditions, and for consideration of new circumstances allegedly impacting the danger he might pose and his risk of flight if released, the Court sets in an additional hearing for **March 30, 2022, at 10:00 a.m.**

The Defendant is required to be present.

Dated this __28__ day of March, 2022.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge