IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. JKB-22-0050 |
| SCOTT RYAN MERRYMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On February 10, 2022, a federal grand jury indicted the Defendant on two counts: Count One, Threats Against the President of the United States, in violation of 18 U.S.C. § 871; and Count Two, Interstate Communication Containing a Threat to Injure the Person of Another, in violation of 18 U.S.C. § 875(c).

On April 18, 2022, the Defendant filed his Notice of his intention to raise the insanity defense. (ECF No. 86.) The Court then granted the Government's motions for a psychiatric examination of the Defendant, pursuant to Federal Rule of Criminal Procedure 12.2(c) and 18 U.S.C. § 4242. (ECF No. 91.) An examination was completed by Dr. Robin Watkins, Ph.D., at the Metropolitan Correctional Center, a Federal Bureau of Prisons ("BOP") facility in Chicago, which examination assessed whether, at the time of the acts constituting the offenses, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. *See* 18 U.S.C. § 17.

On September 14, 2022, the Government filed the report of the forensic evaluation. (ECF No. 130-1.) It was initially filed under seal. By agreement of the parties, that document has since been unsealed, as it is now a trial exhibit and part of the public record in this case. Dr. Watkins'

report concluded that the Defendant was not criminally responsible at the time of the two offenses, owing to the severe mental disease or defect that Dr. Watkins diagnosed.

On February 10, 2025, the parties submitted to the Court their Statement of Stipulated Facts in support of the Defendant's plea of not guilty by reason of insanity. The Statement was received and admitted into the record the following day as a trial exhibit.

On February 11, 2025, the Court conducted a bench trial. The Court found the Defendant was competent and capable of waiving his right to be tried by a jury, and that he chose to proceed to a bench trial; that he understood his right to a jury trial and the consequences of waiving that right; that he was acting voluntarily and of his own free will, and that he was competent to proceed to trial, based on his appearance, actions, and overall demeanor in court, along with the assurances of the Defendant's counsel, who holds the closest association with him; and that the Defendant's decision to proceed to trial upon an understanding of what it means to plead not guilty by reason of insanity, and an intention so to plead, was knowing, voluntary, and intelligent, and was the product of a competent mental process and careful consultation with competent counsel.

The Court accepted the Defendant's waiver of his right to a jury trial and found the parties' Statement of Stipulated Facts to contain all the facts necessary to satisfy each element of the two counts.

The parties jointly asked the Court to return a verdict of not guilty by reason of insanity. Upon an independent review of the evidence presented—in the form of the Statement of Stipulated Facts, which incorporated by reference the report of Dr. Watkins, which itself was separately admitted as a defense exhibit—the Court concluded the proper verdict, applying the appropriate standards of proof, was not guilty by reason of insanity.

Having rendered its verdict of not guilty by reason of insanity, the Court determined that, pursuant to 18 U.S.C. § 4243(b), the Defendant must be hospitalized for a psychiatric or psychological examination to determine whether he presents a substantial risk of bodily injury to another person, or serious damage to the property of another, due to a present mental disease or defect.

Therefore, it is ORDERED that:

1. Pursuant to 18 U.S.C. § 4243(a), the Defendant is committed to the custody of the Attorney General until such time as he is eligible for release under 18 U.S.C. § 4243(e).

2. Pursuant to 18 U.S.C. §§ 4243(b) and 4247(b)–(c), the Defendant must submit to a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist to determine whether the Defendant presents a substantial risk of bodily injury to another person, or serious damage to the property of another, due to a present mental disease or defect, and that the examiner must file a psychiatric or psychological report with the Court.

3. No statements made by the Defendant in the course of any examination, no testimony by an expert based on the statements, and no other fruits of the statements shall be admitted into evidence against the Defendant in any criminal proceeding except on an issue regarding whether the Defendant presents a substantial risk of bodily injury to another person, or serious damage to the property of another, due to a present mental disease or defect; EXCEPT that statements made by the Defendant that are first determined, under a probable-cause standard, to have been intentionally false may be used against him, but only in a federal criminal

proceeding in which he is charged with perjury, obstruction of justice, or making a false statement under 18 U.S.C. § 1001.

4. Pursuant to 18 U.S.C. § 4247(b), for purposes of the psychiatric or psychological examination to be conducted under 18 U.S.C. § 4243(b), the Defendant is hereby committed for a reasonable period, not to exceed forty days, to the custody of the Attorney General for placement in a suitable facility. The U.S. Marshals Service ("USMS") shall maintain custody of the Defendant until a suitable medical facility has been designated for the Defendant, as determined by the BOP.

5. The parties shall provide opposing counsel with all information submitted to mental health professionals designated to evaluate the Defendant, including but not limited to evidence, records, testing data, reports, and interview notes.

6. Pursuant to 18 U.S.C. § 4247(c), a psychiatric or psychological report shall be filed with the Court under seal, with copies provided to defense counsel and the Government, within thirty days of the Defendant's arrival to the suitable facility, which report shall comply with the requirements set forth in 18 U.S.C. § 4247(c) and shall include (1) the Defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed, and their results; (3) the examiner's findings; and (4) whether the Defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

7. The USMS shall inform the Court, and counsel for the Defendant and Government, of the date the Defendant is transported from the District of Maryland to the facility

designated by the BOP for the Defendant's examination, and the date the Defendant arrives at the facility conducting the examination pursuant to this Order. During transit between the District of Maryland and the receiving facility conducting the examination, the United States shall render medical and psychiatric care consistent with the standard of care for the Defendant, including but not limited to the faithful administration of medication.

8. The Defendant is to be returned to the custody of the USMS for the District of Maryland immediately upon completion of the examination. The USMS shall advise forthwith the Court and the parties of the date the Defendant leaves the judicial district where the examination occurs, and shall advise forthwith the Court and the parties when the Defendant arrives back in the District of Maryland.

9. The BOP, through Defendant's assigned case manager or other designee, shall facilitate attorney-client communication in response to reasonable requests from counsel or the Defendant.

10. On March 25, 2025, at 10 a.m., a hearing shall be held in accordance with 18 U.S.C. § 4247(d). The hearing shall occur in Courtroom 5A.

11. The Clerk shall provide a copy of this Order to the USMS, the U.S. Attorney, the BOP, and the Defendant, through his counsel of record. Once the BOP designates a facility where the Defendant's examination will be conducted, the USMS shall transport forthwith the Defendant to that facility for the evaluation.

12. The Government shall provide the Court and counsel for the Defendant with a status report twenty-one days after the start of the forty-day period set forth in 18 U.S.C. § 4243(c).

DATED this *11* day of February, 2025.

BY THE COURT:

*James K. Bredar*
James K. Bredar
United States District Judge
