IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. JKB-22-0050 |
| SCOTT RYAN MERRYMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

In February 2022, a grand jury returned an indictment charging Defendant Scott Merryman with making threats against the President of the United States, in violation of 18 U.S.C. § 871, and making an interstate communication containing a threat to harm, in violation of 18 U.S.C. § 875(c). (ECF No. 23.) Following a one-day bench trial, on February 11, 2025, the Court found Merryman not guilty by reason of insanity. (ECF No. 187.) Pursuant to 18 U.S.C. § 4243(b), the Court then ordered Merryman's commitment for purposes of a psychological examination. (ECF Nos. 188, 200.) On May 20, 2025, the Court held a hearing to consider the results of that examination and to determine whether to order Merryman's unconditional release or his civil commitment. *See* 18 U.S.C. § 4243(c).

For the reasons stated in open court, and upon the testimony and written evidence received, the Court now finds that Merryman has not met his burden of proving, by clear and convincing evidence, that his release would not, due to a present mental disease or defect, create a substantial risk of bodily injury to, or serious damage to the property of, another. *See* 18 U.S.C. § 4243(d); *United States v. Gilgert*, 314 F.3d 506, 515 (10th Cir. 2002) (explaining that the clear-and-convincing standard applies where the underlying offense arises under 18 U.S.C. § 871); *United States v. Gutierrez*, 704 F.3d 442, 453 (5th Cir. 2013) (same).

Accordingly, it is ORDERED that:

1. Pursuant to 18 U.S.C. § 4243(e), Merryman is COMMITTED to the custody of the Attorney General. The Attorney General must "make all reasonable efforts" to release him to "the appropriate official of the State in which [he] is domiciled or was tried," provided "such State will assume responsibility for his custody, care, and treatment." 18 U.S.C. § 4243(e). But if the State does not agree to assume that responsibility, the Attorney General must hospitalize him for treatment in a suitable facility. *Id.*

2. To the extent the Attorney General retains custody of Merryman, when the director of the facility to which he is committed determines that he "has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk" of bodily injury to, or serious damage to the property of, another, the director SHALL FILE a certificate to that effect with the Clerk of the U.S. District Court for the District of Maryland. 18 U.S.C. § 4243(f).

    a. Upon receipt of the certificate, the Clerk SHALL SEND a copy of the same to counsel for Merryman and counsel for the Government. *Id.*

    b. At such time, and upon consideration of the certificate, the Court may order the discharge of Merryman or, either *sua sponte* or upon motion of counsel for the Government, hold a hearing on the question of whether he should be released. *Id.*

2

3. To the extent the Attorney General retains custody of Merryman, the Court RECOMMENDS that he be committed to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, or otherwise to a suitable alternative facility as near as possible to his residence in Neodasha, Kansas.

DATED this 20 day of May, 2025.

BY THE COURT:

*James K. Bredar*
James K. Bredar
United States District Judge